UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>        Plaintiff,<br><br>    v.<br><br>A. GUERRERO, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01097-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FEDERAL RULES OF CIVIL PROCEDURE 8, 18 AND 20<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

       Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

       Plaintiff previously filed a complaint on November 20, 2019, which was assigned Case No. 1:19-cv-01643. Magistrate Judge Barbara A. McAuliffe screened the complaint, found that Plaintiff failed to state any cognizable claims, and gave Plaintiff leave to amend. (Case No. 1:19-cv-01643, ECF No. 9). In the screening order, Judge McAuliffe told Plaintiff that he "may not bring unrelated claims against unrelated parties in a single action." (Id. at p. 6).

       Instead of filing an amended complaint, Plaintiff voluntarily dismissed his case. (Id. at ECF No. 10). Plaintiff noted that he intended to re-file his complaint, but did not currently

1  have time to litigate the case. (Id.). Case No. 1:19-cv-01643 was then closed. (Id. at ECF No.
2  11). On July 15, 2020, Plaintiff attempted to re-open Case No. 1:19-cv-01643 and file his
3  amended complaint in that action. (Id. at ECF No. 12). On July 20, 2020, Plaintiff's request
4  was denied. (Id. at ECF No. 13). However, Plaintiff was informed that he could file a new
5  case. (Id. at pgs. 2-3). On August 7, 2020, Plaintiff filed the complaint commencing this
6  action. (ECF No. 1).

7  The Court screened Plaintiff's complaint and found that Plaintiff was once again
8  attempting to bring unrelated claims against unrelated parties in a single action, in violation of
9  Federal Rules of Civil Procedure 18 and 20. (ECF No. 9). The Court gave Plaintiff thirty days
10 to "either a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to
11 stand on his complaint." (Id. at 9). Plaintiff was informed that if he chose to stand on his
12 complaint, "the Court may issue findings and recommendations to a district judge
13 recommending dismissal of the action, without prejudice, for failure to comply with court
14 orders." (Id.). On October 5, 2020, Plaintiff filed objections to this Court's screening order
15 (ECF No. 10), which the Court construes as Plaintiff deciding to stand on his complaint.

16 For the reasons described below, the Court issues these findings and recommendations
17 to a district judge, recommending dismissal of this case for failure to comply with court orders
18 and for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20.

19 Plaintiff has thirty days from the date of service of these findings and recommendations
20 to file his objections.

21 **I.      SCREENING REQUIREMENT**

22 The Court is required to screen complaints brought by prisoners seeking relief against a
23 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).
24 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
25 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
26 that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.
27 § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may
28 also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

**II.   SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff's complaint is twenty-four pages long and includes claims against six defendants. It also includes several unrelated claims. For example, Plaintiff brings a claim based on the conditions of his cell, alleging that his hot water does not work and that the vent continues to blow dust. Plaintiff repeatedly brought this to the attention of defendant Chanelo, but the issues were not resolved. Plaintiff also brings retaliation claims against several defendants based on various incidents. Plaintiff also brings a sexual assault claim against defendant Mendez based on an incident that occurred on or around March 31, 2019.

Plaintiff's complaint consists of a long and detailed narrative of facts followed by conclusory claims. It begins by describing that on or around February 27, 2019, Plaintiff appeared before Classification Committee to remove Plaintiff from orientation after being

1    transferred.  He explains that he informed a captain of deliberate indifference to inmates' right
2    in the prison.
3        Then Plaintiff alleges that he was released to the general population on or around March
4    2, 2019.  He noticed the cell to be extremely dusty, without hot water and toilet paper.  He then
5    describes in detail the circumstances of discussing these conditions with an officer ("Plaintiff
6    light knocked on the office door at which point one of the officers facing the door motioned
7    with his hand for plaintiff to enter the office.  Plaintiff proceeded to enter the office at which
8    time plaintiff noticed office Guerrero leaning back against the wall in a chair appearing to be
9    asleep…." (ECF No. 1, p. 12)).  He then describes a verbal dispute with the officers where the
10   officers told Plaintiff tissue would be passed out during third watch.  Plaintiff explains he
11   purchased a roll of tissue from another prisoner.   Plaintiff describes that "[t]his prisoner also
12   informed plaintiff he had to sign his cell on the maintenance list haging [sic] on the wall."
13   (Id.).  Plaintiff filed a staff complaint against officer Guerrero "due to the aforementioned
14   incident."  (Id.).
15       Plaintiff goes on to describe another discussion with another officer about the
16   conditions.
17       He later describes a visit from his wife.  He alleges that officer Garcia was
18   "staring/Mad-dogging" Plaintiff.  Plaintiff describes officer Garcia rolling her eyes at Plaintiff.
19   He explains in detail a verbal altercation with Officer Garcia after "Plaintiff approached the
20   officers podium, introduced himself to offcier [sic] Garcia and proceeded to inquire as to the
21   reason (she/Officer Garcia) was starting at Plaintiff with such contempt." (Id. at 14).  Plaintiff
22   describes that the visit was terminated due to alleged overcrowding even though there were a
23   number of vacant seats in the sitting room.  Two other visits from Plaintiff's wife are also
24   described.
25       Plaintiff later describes a verbal altercation with an officer at the medical building,
26   including Officer Mendez saying "Oh, your [sic] Riley!  [Y]ou 602'd my partner (G), I need to
27   send you some mail."  (Id. at 15).  Plaintiff alleges he "immediately became irate and violently
28   snatched himself out of the doorway, turned toward officer Mendez and angrily stated, '[m]an,

4

what the fuck you doing?'" (Id. at 15-16). He continues to describe his altercation, ending with Plaintiff filing a complaint against Officer Mendez for sexual battery.

Plaintiff's complaint continues in this fashion for several pages, describing in narrative form various incidents and verbal altercations with various officers, the complaints Plaintiff has filed against them, and rules violation reports filed against Plaintiff.

Plaintiff's complaint then includes a section titled "Cause of Action" which lists in conclusory form many legal claims against each of the several defendants, such as "Officer Guerrero violated plaintiff's 1st.amend. right to petition the government for redress— 'Retaliation,'" "Officer Garcia, E., violated plaintiff's 14th.amend right to due process by denying plaintiff access to yard absent a finding of guilt to a Rule Violation Report," "Captain Chanelo violated plaintiff's 8th.amend.right 'Cruel and un-usual Treatment' as it relates to plaintiff's Conditions of Confinement." (Id. at 20-21).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### a. Federal Rules of Civil Procedure 18 and 20

A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections &

1  Rehabilitation, 599 Fed. App'x. 791 (9th Cir. 2015) (alteration in original) (quoting George v.
2  Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) ("Persons … may be
3  joined in one action as defendants if: (A) any right to relief is asserted against them jointly,
4  severally, or in the alternative with respect to or arising out of the same transaction, occurrence,
5  or series of transactions or occurrences; and (B) any question of law or fact common to all
6  defendants will arise in the action."); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)
7  ("[T]he 'same transaction' requirement[] refers to similarity in the factual background of a
8  claim.").

9       "Only if the defendants are properly joined under Rule 20(a) will the Court review the
10 other claims to determine if they may be joined under Rule 18(a), which permits the joinder of
11 multiple claims against the same party." Washington v. Fresno Cty. Sheriff, 2014 WL 641137,
12 at *2 (E.D. Cal., Feb. 18, 2014); Williams v. Madera Police Dep't, 2012 WL 3068944, at *3
13 (E.D. Cal., July 26, 2012) (same); Miller v. Kernan, 2017 WL 590259, at *3 (E.D. Cal., Feb.
14 14, 2017) (same); Solomon v. Carrasco, 2012 WL 3744666, at *3 (E.D. Cal., Aug. 28, 2012)
15 (same).

16      Plaintiff's complaint violates Federal Rules of Civil Procedure 18 and 20 because
17 Plaintiff is attempting to bring multiple unrelated claims in this action.  As discussed above,
18 Plaintiff brings a claim based on the conditions of his cell, alleging that his hot water does not
19 work and that the vent continues to blow dust.  Plaintiff repeatedly brought this to the attention
20 of defendant Chanelo, but the issues were not resolved.  Plaintiff also brings retaliation claims
21 against several defendants based on various incidents.  Plaintiff also brings a sexual assault
22 claim against defendant Mendez based on an incident that occurred on or around March 31,
23 2019.

24      Plaintiff's retaliation claims against defendants Guerrero and Mendez are arguably
25 related to each other, because while they allegedly retaliated against Plaintiff at different times,
26 they both allegedly retaliated against Plaintiff because Plaintiff filed a grievance against
27 defendant Guerrero on or about March 2, 2019.  Thus, it appears that these claims may have
28 arisen out of the same series of occurrences.  However, these claims appear to have arisen from

different and unrelated occurrences than the conditions of confinement claim against defendant Chanelo.  Additionally, Plaintiff's retaliation claim(s) against defendant Garcia appear to have arisen from different and unrelated occurrences than the retaliation claims against defendants Guerrero and Mendez and the conditions of confinement claim against defendant Chanelo.  Finally, Plaintiff's sexual assault claim against defendant Mendez appears to have arisen from a different and unrelated occurrence than the conditions of confinement claim against defendant Chanelo and the retaliation claim against defendant Garcia.

As described above, when Magistrate Judge Barbara A. McAuliffe screened Plaintiff's previous complaint in Case No. 1:19-cv-01643, she instructed Plaintiff that he "may not bring unrelated claims against unrelated parties in a single action."  (Case No. 1:19-cv-01643, ECF No. 9, p. 6).  When this Court screened Plaintiff's complaint, it too explained these rules and gave leave to file an amended complaint that only includes related claims and defendants under these rules.  (ECF No. 9, pgs. 3-5).

However, Plaintiff chose not to amend his complaint or narrow his claims to only related claims.  Instead, he filed objections to the Court's screening order (ECF No. 10), stating that he believes the undersigned misunderstood the facts of his complaint.  Plaintiff argues that his claims are in fact sufficiently linked, and cites to various portions of his complaint.  Plaintiff appears to argue that because he has sufficiently alleged a retaliation claim against all defendants, he can include as many unrelated claims against these defendants as he wants.  (Id. at 2-3).

As discussed above, Plaintiff's claims are not sufficiently linked.  Plaintiff's complaint alleges multiple claims that arose from different and unrelated occurrences.

As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20.

b. Federal Rule of Civil Procedure 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although a complaint is not required to include

detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77.

Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a). As mentioned above, Plaintiff's complaint is a long narrative. It includes many detailed facts that do not appear related to specific legal claims. Plaintiff then lists several legal claims against multiple defendants, without explaining what actions he believes supports these legal claims. Plaintiff never explains which facts relate to which of his unrelated claims, and his allegations do not give fair notice of the claims he is attempting to assert or enable Defendant(s) to defend themselves effectively.

Overall, Plaintiff's complaint is a lengthy narrative and Plaintiff does not connect his factual allegations to the claims he is attempting to bring. This is impermissible under Rule 8(a). See, e.g., Pinzon v. Jensen, 2009 WL 231164, at *2 (E.D. Cal., Jan. 30, 2009) ("Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable causes of action. It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim."); Saunders v. Saunders, 2009 WL 382922, at *2 (E.D. Cal., Feb. 13, 2009) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a).").

As Plaintiff's complaint violates Rule 8(a), the Court will recommend that this action be dismissed.

### IV. FAILURE TO COMPLY WITH COURT ORDERS

Both Judge McAuliffe (Case No. 1:19-cv-01643, ECF No. 9) and the undersigned (ECF No. 9) informed Plaintiff that he is attempting to bring multiple claims that arose from different

and unrelated occurrences, and that this is not allowed.

However, Plaintiff appears to have largely ignored the portion of Judge McAuliffe's screening order in which she informed Plaintiff that he was "attempting to bring claims against unrelated parties concerning unrelated events," and that he "must ensure that defendants may properly be joined in the same action; that is, Plaintiff must ensure that claims against multiple defendants arise out of the same transaction or occurrence, or series of transactions and occurrences and there are common questions of law or fact." (Case No. 1:19-cv-01643, ECF No. 9, p. 6).

Plaintiff also disregarded this Court's order, stating that the undersigned did not understand his factual allegations (ECF No. 10, p. 1). However, both Judge McAuliffe and the undersigned did understand Plaintiff's allegations, and Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences. As Plaintiff refuses to correct the defects in his complaint, despite being ordered to do so twice, the Court will recommend that this case be dismissed.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Plaintiff's repeated failure to amend his complaint to comply with Federal Rules of Civil Procedure 18 and 20 is interfering with docket

management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with court orders that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.  And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal is appropriate.

**V.     RECOMMENDATION**

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This case be dismissed for failure to comply with court orders and for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20, without prejudice to Plaintiff filing separate actions that comply with Federal Rules of Civil Procedure 8, 18, and 20;[1]
2. All outstanding motions be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

---

[1] Given Plaintiff's repeated failure to comply with Court orders and that Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8, the Court could recommend dismissal with prejudice.  However, the Court has decided to instead recommend dismissal without prejudice, so that if Plaintiff files separate action(s) that comply with Rules 8, 18, and 20, he can still prosecute the claims in his complaint.

thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **October 9, 2020**              /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE